IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BLAIR DRYWALL and | ) | |
| TAYLOR CONSTRUCTION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-317 |
| | ) | |
| HEERY INTERNATIONAL, INC., | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| TRAVELERS CASUALTY & SURETY | ) | |
| CO. OF AMERICA and FIDELITY & | ) | |
| DEPOSIT CO. OF MARYLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

By order [doc. 33] dated August 7, 2007, the court granted the motion to
withdraw filed by counsel for the commercial plaintiffs in this case. Therein, the
undersigned made clear that the plaintiffs' principals, Freddie Blair and Ronnie Taylor, may
not act as attorneys for their businesses before this court. *See United States v. 9.19 Acres of
Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Now before the court is the "Motion of Defendant/Counter-Plaintiff Heery
International, Inc. to Exclude Freddie Blair as Pro Se Counsel, and for Sanctions" [doc. 34],
in which defendant alleges continuing efforts by Freddie Blair to act as legal counsel for his
corporation in this case. Because the court has already ruled that Mr. Blair may not represent

his business *pro se*, defendant's motion to exclude [doc. 34] is **DENIED AS MOOT WITH LEAVE TO RENEW**.

Nonetheless, it is observed that the allegations contained in defendant's motion, if true, at a minimum approach contempt of this court's prior order. The court takes the possibility that its orders are being disregarded quite seriously. If by any future filing the court is made aware of any additional attempts by Mr. Blair and/or Mr. Taylor to act as legal counsel in this case, the undersigned will promptly consider monetary sanctions against them in their personal capacities.

The commercial plaintiffs remain responsible for notifying the court in writing of the identity of their new counsel no later than the deadline imposed in the court's prior order [doc. 33]. The commercial plaintiffs are again cautioned that failure to timely obtain replacement counsel may be construed as a failure to prosecute, which will eventually result in the dismissal of their complaint.

The Clerk of Court is directed to mail a copy of this order to each commercial plaintiff at the addresses provided in the certificate of service, document 32.

**IT IS SO ORDERED**:

ENTER:

_____s/ Leon Jordan_____
United States District Judge